# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0880V

| | |
|---|---|
| CHARLES WOLLE,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 23, 2025 |

*Joseph P. Shannon, Shannon Law Group, P.C., Woodridge, IL,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 7, 2024, Charles Wolle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus vaccination he received on November 25, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 6, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On April 22, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $98,528.88, comprised of $95.000.00 for pain and suffering, $330.08 for past unreimbursable expenses, and $3,198.80 for past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $98,528.88, comprised of $95,000.00 for pain and suffering, $330.08 for past unreimbursable expenses, and $3,198.80 for past lost wages, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHARLES WOLLE, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 24-880V (ECF) <br> Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 7, 2024, Charles Wolle ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a right shoulder injury related to vaccine administration ("SIRVA"), "resulting from a tetanus vaccination he received on November 25, 2022."[1] Petition at 1. On December 20, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 14. On January 6, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 15.

**I.    Items of Compensation**

   A. Pain and Suffering

Respondent proffers that petitioner should be awarded $95,000.00 in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] According to his vaccination record, petitioner received a combined tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on November 25, 2022. Petitioner's Exhibit 2 at 145.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $330.08. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. Lost Wages

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $3,198.80. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2] a lump sum payment of **$98,528.88**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

III. **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Charles Wolle:         **$98,528.88**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

DATED: March 22, 2025

3